# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JERRI L. BAILEY, <br><br> Plaintiff, <br><br> vs. <br><br> CHEROKEE REGIONAL MEDICAL CENTER, <br><br> Defendant. | No. C16-4136-LTS <br><br> **ORDER ON MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

This case is before me on a motion (Doc. No. 19) for summary judgment filed by defendant Cherokee Regional Medical Center (CRMC). Plaintiff Jerri L. Bailey (Bailey) has not filed a resistance and the deadline for any resistance was October 23, 2017. The motion is ready for decision.

## II. BACKGROUND

On December 14, 2016, Bailey filed a pro se complaint (Doc. No. 1) against CRMC.[1] Bailey alleges that she was at CRMC for physical therapy on December 15, 2014. After finishing therapy she slipped and fell on her way to the shower/changing room, injuring her left knee and breaking her left femur. She alleges that CRMC breached a duty of care and that she suffered damages as a result. The jury trial of this matter is scheduled to begin August 13, 2018.

---

[1] Baily also named Unity Point Health–St. Luke's (St. Luke's) as a defendant. Doc. No. 1. However, I granted St. Luke's motion to dismiss on April 20, 2017. Doc. No. 17

## III. SUMMARY JUDGMENT STANDARDS

Any party may move for summary judgment regarding all or any part of the claims asserted in a case. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one that "'might affect the outcome of the suit under the governing law.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "the substantive law will identify which facts are material." *Id*. Facts that are "critical" under the substantive law are material, while facts that are "irrelevant or unnecessary" are not. *Id*.

An issue of material fact is genuine if it has a real basis in the record, *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), or when "'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). Evidence that only provides "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, or evidence that is "merely colorable" or "not significantly probative," *Anderson*, 477 U.S. at 249-50, does not make an issue of material fact genuine.

As such, a genuine issue of material fact requires "sufficient evidence supporting the claimed factual dispute" so as to "require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 248-49. The party moving for entry of summary judgment bears "the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel*, 953 F.2d at 395 (citing *Celotex*, 477 U.S. at 323). Once the moving party has met this burden, the nonmoving party must go beyond the pleadings and by depositions, affidavits, or otherwise, designate specific facts showing that there

is a genuine issue for trial. *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005). The nonmovant must show an alleged issue of fact is genuine and material as it relates to the substantive law. If a party fails to make a sufficient showing of an essential element of a claim or defense with respect to which that party has the burden of proof, then the opposing party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322.

In determining if a genuine issue of material fact is present, I must view the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88. Further, I must give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts. *Id.* However, "because we view the facts in the light most favorable to the nonmoving party, we do not weigh the evidence or attempt to determine the credibility of the witnesses." *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004). Instead, "the court's function is to determine whether a dispute about a material fact is genuine." *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996).

## IV. ANALYSIS

Bailey has not responded to CRMC's motion for summary judgment. If the nonmoving party fails to respond, the court may enter summary judgment if appropriate. *Donnell v. City of Cedar Rapids, Iowa*, 437 F. Supp. 2d 904, 928 (N.D. Iowa 2006); *Sherk v. Adesa Atlanta, LLC*, 432 F. Supp. 2d 1358, 1374 (N.D. Ga. 2006). If the moving party has met its burden of demonstrating no genuine issue of material fact and the nonmoving party has failed to respond, the district court is not required to search the record to find an issue of material fact. *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996); *see also Peters v. Woodbury County, Iowa*, 979 F. Supp. 2d 901, 966 (N.D. Iowa 2013) ("failure to respond at all to a movant's assertion . . . is the clearest way in which a non-movant can fail to meet its burden" to show specific facts of a genuine issue for trial). However, for the reasons discussed below, I find that CRMC

has not met its initial burden of demonstrating no genuine issue of material fact.

CRMC bases its motion on the fact that Bailey has not disclosed any expert medical opinion testimony. Doc. No. 19-1. CRMC contends Bailey is alleging medical negligence by basing her claim on CRMC's "medical judgments" and argues that such a claim requires expert testimony to establish the proper standard of care. Doc. No. 19 at 1–2. CRMC is generally correct with respect to the expert testimony requirement in medical negligence cases. *See Kennis v. Mercy Hosp. Medical Center*, 491 N.W.2d 161, 167 (Iowa 1992) ("the nature of this malpractice action requires expert testimony to establish defendants' negligence"); *Thompson v. Embassy Rehabilitation and Care Center*, 604 N.W.2d 643, 646 (Iowa 2000) (liability for an erroneous medical judgment "cannot attach in the absence of expert testimony establishing the proper standard of care under the circumstances").

However, the cases CRMC relies on involved the negligence of medical professionals providing medical treatment and/or making treatment decisions. In *Kennis*, the plaintiff alleged that a mistake occurred during a bypass operation and suprapubic cystostomy procedure. 491 N.W.2d at 163. In *Thompson*, the plaintiff alleged negligence in the treatment of a bedsore, which developed into a coccyx ulcer. 604 N.W.2d at 644. Here, Bailey's complaint does not allege negligence as to any medical treatment or judgment. Rather, her complaint asserts a simple premises liability slip-and-fall claim. Specifically, Bailey alleges that the floor in the changing room and around the pool was "smooth concrete painted with a shiny paint," which made the floor slippery. Doc. No. 1 at 4. She claims there were no railings and no staff available to ensure the safety of the patients. *Id.* Nothing in the record suggests that Bailey is claiming negligence with respect to any medical treatment or medical judgment by CRMC. Likewise, the damages Bailey seeks to recover are those allegedly caused by her fall, not by negligent medical treatment or care. *Id.*

A slip-and-fall premises liability action does not require expert testimony to explain the standard of care. *See Wieseler v. Sisters of Mercy Health Corp.*, 540 N.W.2d

445 (Iowa 1995) (patient and husband brought slip and fall negligence action against the hospital and the court applied a premises liability standard of care). The standard of care in such a case is typically a "reasonable standard of care," though the specific standard depends on the status of the plaintiff. *See Restatement (Third) of Torts: Physical & Emotional Harm § 7 (2010)*; *Benham v. King*, 700 N.W.2d 314, 317 (Iowa 2005) (finding that a dentist had a reasonable duty of care to maintain his office in a reasonably safe condition); *Kastler v. Iowa Methodist Hospital*, 193 N.W.2d 98, 102 (Iowa 1971) (stating that plaintiff was not required to introduce expert testimony because "the jury could use its own knowledge and good sense with respect to the hospital's conduct" relating to the general care practices). Expert testimony is not required to establish the standard of care.[2]

CRMC's statement of undisputed facts is short. It states: (1) Bailey claims CRMC was medically negligent, (2) CRMC denies it was medically negligent, (3) Baily made no amendment to her original complaint, (4) Bailey made one statement about the possibility of expert witnesses, (5) she has not provided anything else relating to expert testimony and (6) expert medical testimony is required in medical negligence cases. Doc. No. 19-1. Some of these statements are legal statements, not factual ones. Even accepting the factual statements as undisputed, CRMC has not demonstrated that the undisputed facts relevant to its duty to keep the premises reasonably safe compel the entry of summary judgment in its favor. Thus, CRMC has not met its initial burden as a

---

[2] Even if Bailey's use of the term "medical judgments" in her pro se complaint somehow converts this slip-and-fall case into one for medical malpractice, Iowa law provides that expert testimony is not necessary to establish the standard of care in a malpractice action if the lack of care is so obvious as to be within the comprehension of a lay person. *See, e.g., Graeve v. Cherny*, 580 N.W.2d 800, 801 (Iowa 1998). Because the Iowa Supreme Court does not require expert testimony to support a slip-and-fall claim, Bailey's claim here would fall within this exception, even if construed as one for medical malpractice. Either way, expert testimony is not necessary to support Bailey's negligence claim.

summary judgment movant.[3]  Its motion, while unresisted, must be denied.

## V. CONCLUSION

For the reasons set forth herein, CRMC's motion (Doc. No. 19) for summary judgment is **denied.**

**IT IS SO ORDERED.**

**DATED** this 6th day of November, 2017.

_____
Leonard T. Strand, Chief Judge

---

[3] This is not to say that Bailey's failure to present expert testimony will be entirely without consequence. Even if she establishes negligence, the lack of expert testimony may well limit her recoverable damages. That issue is beyond the scope of CRMC's present motion.